(165 App. Div. 543)

### KELLY v. ELMIRA REALTY CO.

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

MASTER AND SERVANT (§ 252*)—ACTION FOR INJURY—NOTICE OF INJURY—SUFFICIENCY.

    Under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204), a notice that plaintiff sustained personal injury, while in defendant's employ, from a defect in the ways, works, and machinery, which arose from, and had not been discovered and remedied owing to, the negligence of defendant, or persons in his service intrusted with the duty of seeing that they were in proper condition, and to the negligence of defendant or its servant intrusted with superintendence over its building, which injury was caused by a defective and dangerous structure around the top of an elevator shaft, upon and under which plaintiff was obliged to work while oiling the machinery, and that while working there and exercising due care the elevator moved and caused the injury, was sufficient to entitle plaintiff to the benefit of the act.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Appeal from Trial Term, Chemung County.

Action by James Kelly against the Elmira Realty Company. From a judgment dismissing his complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John F. Murtaugh, of Elmira, for appellant.
Richard H. Thurston, of Elmira, for respondent.

SMITH, P. J. The plaintiff was an employé of defendant. One of his duties was to oil the pulleys and machinery on an elevator which was run in connection with the defendant's office building. The upper gearing of this elevator was in a cupola, which was so small that the plaintiff was compelled to squeeze himself into it and to oil part of the machinery while having his hand between two pulley spokes. While he was thus oiling this part of the machine the elevator started and cut off the plaintiff's arm near the elbow. At the close of the plaintiff's case the court dismissed the complaint, holding that the notice served under the Employers' Liability Act was insufficient, and that at common law the plaintiff assumed the risk of the construction at the top of the elevator, of which he had knowledge, and that his injury was caused by the neglect of a coemployé. Upon the argument counsel admitted that if the notice under the Employers' Liability Act were insufficient to obtain for the plaintiff the benefit of that act the judgment was right. If, however, the notice was sufficient, so that the question of the assumption of risk could not be ruled as a matter of law, the jury might have found that the plaintiff's accident was caused by the negligence of the defendant in failing to provide a proper place in which the plaintiff was required to work in concurrence with the negligence of a fellow servant, the elevator boy, in running the elevator. In such case a nonsuit was erroneous.

The notice of injury, as far as material, reads as follows:

"* * * I sustained personal injuries while in your employ, and in the exercise of due care and diligence, by reason of a defect in the ways, works, and machinery connected with and used in your business, which arose from, and had not been discovered or remedied owing to, the negligence of yourself, or of a person or persons in your service, intrusted by you with the duty of seeing that the ways, works, and machinery were in proper condition, and by reason of your negligence, or that of some person or persons in your service, intrusted with and exercising control and superintendence over said building with your authority or consent.

"Said injuries were caused by the defective, unsafe, and dangerous scaffolding and roof and structure around and over the cables and wheels at the top of the shaft of said elevator, around, upon, and under which I was obliged to work while oiling the machinery at the top of said shaft. While in such defective, unsafe, and dangerous place, and without any negligence on my part, the elevator was moved, and my arm cut off near the elbow."

We are of opinion that this notice is sufficient, both within the statute and within the decisions, to secure to the plaintiff the benefits of the act. Not only is there an alleged defect in the ways, works, and machinery, but the charged defect is more specifically pointed out by charging a defective structure around and over the cables and wheels at the top of the shaft of the elevator, and around which he was required to work in oiling the machinery at the top of said shaft, and that while in such defective structure plaintiff was injured by the moving of the elevator. It is this very place, thus claimed to have been defectively constructed, so as not to permit the plaintiff to do his work without putting his arm through the pulley wheel, of which the plaintiff complains, and which he makes the ground of his cause of action. There is no case in which the notice has been condemned by the courts where the notice has been as explicit as in the case at bar, and, moreover, it can hardly be suggested how the defendant could in any way

have been misled by the notice, or have failed to glean therefrom with the place of the injury and its cause.

With this view of the sufficiency of the notice, it follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur.